11-1528-cv
Liverpool v. Con-Way Freight

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve,

Present:    AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

MACHEL LIVERPOOL,

                    *Plaintiff-Appellee*,

            -v-                                              11-1528-cv

CON-WAY FREIGHT,

                    *Defendant-Appellant*,

CON-WAY INC., CON-WAY CENTRAL EXPRESS,

                    *Defendants*.

_____

Appearing for Appellant:    Bradley M. Wilson, Nowell Amoroso Klein Bierman, P.A., New York, N.Y.

Appearing for Appellee:     Deborah H. Karpatkin, Law Office of Deborah H. Karpatkin, New York, N.Y.

                            Frederick Kevin Brewington (*on the brief*), Law Offices of Frederick K. Brewington, Hempstead, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Con-Way Freight appeals from a district court's judgment, following a jury trial, awarding Machel Liverpool $150,000 in damages for Liverpool's claim of defamation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Con-Way argues, among other things, that the district court improperly instructed the jury regarding the circumstances under which Con-Way would be protected from liability for disclosing information regarding Liverpool's drug and alcohol testing history to another company.

Even if we assume, *arguendo*, that the jury instructions in this case were improper, Con-Way failed to preserve any objection it might otherwise have had by failing to press its objection before the district court. When asked by the district court whether a different instruction should be given, Con-Way's attorney replied, "No. That's all right, Judge." Thus, Con-Way failed to preserve any objection to the instruction. *See* Fed. R. Civ. P. 51(c)(1); *Fogarty v. Near N. Ins. Brokerage, Inc.*, 162 F.3d 74, 80 (2d Cir. 1998) ("[W]hen the court explicitly asked him for alternative language, counsel offered none.").

Furthermore, even if we assume, *arguendo*, that Con-Way forfeited, as opposed to waived, its right to have the jury properly instructed, *see generally United States v. Olano*, 507 U.S. 725, 733-34 (1993), we see no reason to consider any such error in the instructions in this case. *See* Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required under Rule 51(d)(1) if the error affects substantial rights."); *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996) ("[W]e have warned that the plain error exception should only be invoked with extreme caution in the civil context. Only where an unpreserved error [is] so serious and flagrant that it goes to the very integrity of the trial will a new civil trial be warranted." (alteration in original) (internal quotation marks omitted)).

We note that if Liverpool had a viable argument that Con-Way did not properly move, prior to the submission of the case to the jury, for judgment as a matter of law with respect to damages, *see* Fed. R. Civ. P. 50(a)(2), Liverpool failed to preserve any such argument by not raising it in his brief on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("In the case before us . . . , the appellee has not properly preserved *his* right to object to the appellant's attempt to claim insufficiency of the evidence. . . . Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). However, we conclude that Con-Way failed to make a proper Rule 50(a) motion with regard to compensatory damages.

2

The evidence was sufficient to support the jury's damages award in this case. A jury could reasonably conclude that, as a result of Con-Way's defamation, Liverpool lost his relatively high-paying job at Central Transport and was unable to find work thereafter, and would, following the trial, continue to be unable to find similarly high-paying work for at least some time. Moreover, the jury could reasonably conclude from the evidence presented at trial that Liverpool had at least some opportunity to work overtime during his brief tenure at Central Transport, and consequently might have had additional opportunities, had he remained with the company, to earn even more working overtime.

We have considered Con-Way's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3